# FAIRMONT FOODS COMPANY v. CITY OF DULUTH AND OTHERS.

111 N. W. (2d) 342.

October 20, 1961—No. 38,566.

*Best, Flanagan, Lewis, Simonet & Bellows,* for petitioner.
*Harry E. Weinberg,* City Attorney, for respondents.

PER CURIAM.

This matter arises out of a petition by plaintiff for a temporary injunction pending an appeal before this court.

On June 16, 1961, this court filed a decision, in the above-entitled matter, holding that an ordinance of the city of Duluth regulating the sale of milk in that city was unconstitutional. Fairmont Foods Co. v. City of Duluth, 260 Minn. 323, 110 N. W. (2d) 155. Thereafter, according to the petition, the city took the position that only that part of the ordinance relating to the bacterial count in milk was declared unconstitutional and that the city was still entitled to collect fees imposed by the ordinance for the inspection of farms. It therefore refused to issue a license to the above-named plaintiff without the tender of fees. In order to clarify the holding of this court, plaintiff petitioned for a rehearing. Thereafter, on August 4, 1961, we denied plaintiff's petition but clarified the original decision by stating that the provision in the ordinance referring to the bacterial count and the provision establishing licensing fees to cover the expense of inspections were both unconstitutional.

According to plaintiff's petition in the present matter, it thereafter applied for a license to sell milk in the city of Duluth and the city refused to issue a license on the ground that the entire ordinance had been declared invalid, and, therefore, the city was without authority to grant a license.

Plaintiff then moved the district court for entry of judgment pursuant to our decision. The city moved said court for a stay of the proceedings in order to give it time to file a petition for certiorari in the United States Supreme Court. The petition here further states that on August 29, 1961, the district court denied defendant's motion for a stay and ordered entry of judgment in an order, which reads in part as follows:

"That the plaintiff has filed a proper application for a license to sell milk in the City of Duluth and has tendered a minimum license fee of $250.00 to the proper city officials. That plaintiff is entitled to a license to sell milk in the city of Duluth. That the defendants are hereby ordered and directed to issue a license to plaintiff to sell milk in the city of Duluth."

Pursuant to said order judgment was entered in said proceedings on August 29, 1961, and copies were served upon defendants on the same date. On August 31, 1961, defendants appealed to this court from said judgment, which appeal is now pending.

It also appears from the petition that the plaintiff again requested the city officials to issue the license and that the defendants now take the position that only a part of the ordinance has been declared unconstitutional and that plaintiff is still required to file a list of the farms where its milk is produced and that the city officials still have the duty to inspect those farms, even though the city admits that it cannot charge a fee for such inspection under our decision.

Plaintiff's petition further states that on September 7, 1961, defendants filed a motion in the Supreme Court of the United States asking for a stay in these proceedings to enable them to apply for and obtain a writ of certiorari and that on September 15, 1961, that court denied the application.

It also appears from the petition that on September 27, 1961, defendants filed in the municipal court of Duluth a criminal complaint against plaintiff based on an alleged violation of the Duluth milk ordinance, and, further, that defendants have refused to obey the order and judgment of the district court dated August 29, 1961.

Plaintiff alleges in its petition that unless defendants are restrained from interfering with the sale of plaintiff's milk in the city of Duluth and restrained from arresting plaintiff, its agents, and others handling plaintiff's products, pending defendants' appeal to this court from the judgment of the district court, plaintiff will be irreparably damaged and its civil rights under the constitutions of the State of Minnesota and the United States will be impaired. It therefore requested a temporary injunction restraining the defendants and the officers and agents of the city of Duluth from interfering in any way with the sale of plaintiff's milk in said city pending determination of the appeal, and further restraining the arrest of or proceeding with the prosecutions of the plaintiff, its officers, or agents in connection with the sale of its milk and milk products in the city of Duluth.

On September 27, 1961, an order was issued out of this court ordering defendants to show cause why the requested injunction should

not be issued. This court further ordered, pending the hearing on the order to show cause, that:

"* * * you and each of you, and the officials, officers and agents of the City of Duluth are restrained from interfering in any way with the sale and distribution of plaintiff's milk in the City of Duluth, and are restrained from arresting or proceeding with the prosecution of its agents or employees or any other person engaged in the sale of plaintiff's milk and milk products in the City of Duluth for any alleged violation of the milk ordinance of the City of Duluth."

Upon the files and records and the proceedings herein, after hearing oral arguments on behalf of the parties, it is hereby ordered that the temporary injunction set out above be and hereby is made permanent.

In order that there will be no further misunderstanding on the part of the defendants as to what we meant or intended in our decision filed June 16, 1961, and our clarifying opinion filed August 4, 1961, the entire milk ordinance of the city of Duluth herein referred to is hereby declared unconstitutional.

It is undoubtedly true that many of the provisions of the ordinance could be sustained if individually considered, but the conduct of the defendants herein has made it apparent that the ordinance is unworkable if only parts of it are left in force. It is obvious from the review of the record in this matter, as well as the oral argument made before this court by the city attorney of Duluth, that defendants seem determined to prevent the sale of outside milk products in the general trade territory of Duluth and Superior. The inconsistent part of defendants' position is that the city apparently accepts milk products from the Superior area on a comity basis, whereas it will not permit plaintiff's products, tested and approved on substantially the same basis, to be sold in the city of Duluth.

The enforcement of the provisions of the ordinance not invalidated by our previous decisions would be meaningless from a public-health standpoint and would serve only to harass and annoy the plaintiff. We hold that such valid provisions of the ordinance as there may be—

"* * * are so essentially and inseparably connected with, and so

dependent upon, the void provisions that the court cannot presume the legislature [city] would have enacted the remaining valid provisions without the void one; * * * [and] the court finds the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent." Minn. St. 645.20.

In view of this decision that the entire ordinance is unconstitutional, we are reversing that part of the district court's judgment, now here on appeal, which required defendants to issue a license to plaintiff to sell milk in the city of Duluth. It is possible for the city to pass another ordinance regulating the sale of milk in conformity with the constitutional requirements enunciated in our previous decisions, but until that is done the plaintiff cannot be prosecuted for selling milk in the city of Duluth without a license.

Temporary injunction made permanent and judgment of district court reversed in part.